UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARGARETTE K. DIFIORE,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 2:12-cv-02005-RCJ-CWH<br><br>**FINDINGS AND RECOMMENDATION** |

    This case involves the judicial review of an administrative action by the Commissioner of Social Security denying Plaintiff's claim for Social Security benefits. On April 10, 2013, the Court ordered Plaintiff to file a motion to remand on the basis of new evidence or a motion for reversal and/or remand within thirty days. *See* Order #13. The Court specified that "[f]ailure of a party to file a motion or motion or points and authorities required by this Order may result in dismissal of the action." *Id.* More than thirty days have passed and Plaintiff failed to file a motion as ordered. "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (*citing Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me 1985)). The Court has an important interest in honoring the terms of its binding scheduling order; disregard of the scheduling order undermines the court's ability to control its docket, disrupts the course of litigation, and rewards the indolent and cavalier. *Id.* Therefore, the Court recommends that Plaintiff's Complaint (#1) be dismissed.

    Based on the foregoing and good cause appearing therefore,

**RECOMMENDATION**

    **IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#1) be **dismissed with prejudice** because Plaintiff failed to file a motion for reversal and/or remand within 30 days of the Court's April 10, 2013 Order #13.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 21st day of May, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**